UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSE ANTONIO,<br><br>　　　　　　Defendant. | Case No.: 13cr1128(17) BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Dkt. No. 1058]** |

　　Defendant, proceeding pro se, filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. On May 26, 2021, the motion was filed *nunc pro tunc* to the date it was received by the Clerk of Court on February 2, 2021.

　　On March 3, 2014, the Court sentenced Defendant Jose Antonio, who was part of a 22-defendant case, to 110 months in custody. No appeal was filed.

　　On December 18, 2018, a letter from the United States Bureau of Prisons was filed indicating that Antonio was serving a state sentence of eight years imprisonment. The United States Bureau of Prisons asked the Court to indicate whether it intended the federal sentence to run concurrently or consecutively.

　　On May 6, 2019, a hearing was held, during which Antonio was represented by Thomas Paul Matthews, Esq., and the United States was represented by Assistant U.S.

1 | Attorney Fred A. Sheppard, Esq.  At the hearing, this Court clarified that 38 months of
2 | the sentence imposed is to run concurrent with any state court sentence and 78 months of
3 | the sentence imposed is to run consecutively to any state court sentence.
4 |      On May 13, 2019, an Amended Judgment reflecting the clarification was filed.
5 |      On May 15, 2019, the Amended Judgment was served on Antonio, and on May 16,
6 | 2019, the Amended Judgment Returned Executed was filed.
7 |      On April 4, 2021, The Amended Judgment Returned Executed was filed again.
8 |      Defendant's § 2255 motion does not challenge the conviction, his attorney's
9 | performance, or the length of the sentence imposed.  Rather, the § 2255 motion asserts
10 | that a federal consecutive sentence would be a sentence "that nobody ever mentioned or
11 | wanted."  Mot. at 9.  Defendant asserts that he was "yelling out from the start that it was
12 | supposed to be a concurrent sentence with Federal [sic]."  *Id*.  Defendant seeks to have
13 | the entire federal sentence run concurrently with the state sentence.
14 |      Defendant is apparently unaware of the Amended Judgment entered on May 19,
15 | 2019, clarifying the length of the federal sentence which was to run concurrently, despite
16 | said Amended Judgment having been served upon him.  Defendant is also apparently
17 | unaware of the May 6, 2019 hearing clarifying the sentence, or its outcome, during which
18 | he was represented by counsel.
19 |      Title 28 U.S.C. § 2255(f) establishes a 1–year period of limitation within which a
20 | federal prisoner may file a motion to vacate, set aside, or correct his sentence under that
21 | section.  That period runs from "the latest" of a number of events, which are enumerated
22 | in subparagraphs (1) through (4) of that section.  *Dodd v. United States*, 545 U.S. 353,
23 | 354 (2005).  Section 2255(f)(1) indicates the period of limitation runs from the date on
24 | which the judgment of conviction becomes final.  *Id*. at 356.  Here, the § 2255 motion has
25 | been filed years after the original judgment and more than one year after the amended
26 | judgment.  As such, the motion is denied as untimely.
27 |      The § 2255 motion also appears to be moot in that it requests relief that has already
28 | been afforded by way of the earlier amended judgment.  *See e.g., McCracken v. United*

*States*, No. 1:15CR79, 2021 WL 3934320, at *2 (N.D. W.Va. Sept. 2, 2021) (because the matters raised in her § 2255 petition are no longer "live," the case is moot.).

Accordingly, Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied.

**IT IS SO ORDERED.**

Dated: September 23, 2021

**HON. ROGER T. BENITEZ**
United States District Judge